UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIM HOPE, et al.                                                                    PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:15cv234-DPJ-FKB

PHIL BRYANT, as Governor of the State of
Mississippi; and RICHARD BERRY, as Executive
Director of the Department of Human Services                            DEFENDANTS


ORDER

        This civil action is before the Court on Defendants' Phil Bryant and Richard Berry's

Motion to Dismiss [12].  Having fully considered the premises, the Court concludes that the

motion should be granted and that this case should be dismissed.  All federal claims stated in the

Complaint are dismissed with prejudice; the state-law claims are dismissed without prejudice for

lack of subject-matter jurisdiction.

I.      Background

        This suit was brought on behalf of a group of minor and adult plaintiffs for themselves

and on behalf of similarly situated individuals.  In very general terms, Plaintiffs contend that

Mississippi's child-support-enforcement program has failed to fulfill its obligations under federal

and state law.  Plaintiffs therefore sued Governor Phil Bryant and the Executive Director of the

Department of Human Services (DHS), Richard Berry, both in their official capacities.

Defendants now move to dismiss based on the Eleventh Amendment and the lack of a private

right of action for the purported federal claims.  Plaintiffs have responded in opposition.

II.     Standard

Motions to dismiss based on Eleventh Amendment immunity are decided under Rule

12(b)(1) of the Federal Rules of Civil Procedure.  *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d

341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the

claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with

prejudice.").  A motion to dismiss filed under Rule 12(b)(1) challenges the subject matter

jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  The party asserting

jurisdiction bears the burden of proof on a Rule 12(b)(1) motion.  *Davis v. United States*, 597

F.3d 646, 649 (5th Cir. 2009).  The motion should only be granted "if it appears certain that the

plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."  *Id.*

(quoting *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009)) (internal quotation marks

omitted).  "In ruling on such a motion, the court may consider any one of the following: (1) the

complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the

complaint, undisputed facts, and the court's resolution of disputed facts."  *Id.* at 649–50.

Defendants seek dismissal of the remaining claims under Rule 12(c) because they have

already answered the Complaint.  The standards for dismissal under Rule 12(c) are the same as

those under Rule 12(b)(6) for failure to state a claim.  *In re Great Lakes Dredge & Dock Co.*,

624 F.3d 201, 209–210 (5th Cir. 2010); *see also Great Plains Trust Co. v. Morgan Stanley Dean*

*Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).  To survive a motion to dismiss under Rule

12(c), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))

(internal quotation marks omitted).  To state a plausible claim to relief, the "[f]actual allegations

2

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and footnote omitted).  In making this determination, the court "accept[s] all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff." *In re Great Lakes*, 624 F.3d at 210.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III.    Analysis

In 1996, Congress enacted the Professional Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA) to standardize the states' systems for welfare and child-support payments.  PRWORA provided for Temporary Assistance to Needy Families (TANF) block grants.  Under this program, participating states, including Mississippi, receive blocks of TANF funding to administer welfare programs.  *See* 42 U.S.C. § 601(a)(1).  To qualify for these grants, the state programs must generally conform to Title VI-D of the Social Security Act (Title IV-D).  *See* 42 U.S.C. § 602(a)(2).

To participate, states are required to enact laws and establish guidelines consistent with the federal provisions. *See* 42 U.S.C. §§ 654(20), 666, 667; 45 C.F.R. § 302.56. Though Mississippi has done so, Plaintiffs contend that the State has failed to fully comply with its own laws and therefore violated both the federal and state standards.

Defendants seek dismissal on two basic grounds. First, they assert Eleventh Amendment immunity as to all state-law claims and federal-law claims for retrospective relief. Second, they observe that Title IV-D does not create a private right of action. Defendants are correct on both points.

A.      Eleventh Amendment Immunity

Plaintiffs have sued Governor Bryant and Director Berry in their official capacities only, asserting that they violated state and federal laws by failing to fully enforce those laws. An official-capacity suit for damages is essentially a suit against the state. *Barron v. Deloitte & Touche, L.L.P.*, 381 F.3d 438, 443 (5th Cir. 2004). And as such, they are subject to Eleventh Amendment immunity. *See Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015).

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citation omitted). Moreover, "[t]he Supreme Court in *Pennhurst State School and Hospital v. Halderman* held that sovereign immunity barred federal courts from hearing state-law claims brought in federal court against state entities." *Raj*, 714 F.3d at 329 (citing 465 U.S. 89, 117 (1984)).

There has been no relevant waiver or abrogation in this case, however there is a well-recognized exception that Plaintiffs now invoke.  *Ex parte Young* "created an exception to Eleventh Amendment immunity for claims for prospective relief against state officials who have been sued in their official capacities."  *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008).  But the *Ex parte Young* exception applies only to violations of federal law by state officials.  *Pennhurst*, 465 U.S. at 102.

Given these parameters, Plaintiffs correctly acknowledge that all claims for retrospective or monetary relief are barred.  *See* Pls.' Resp. [17] at 3, n.1.  But Plaintiffs maintain that their state and federal claims for prospective injunctive or declaratory relief should survive.  Those arguments are not persuasive.

1.    State-Law Claims.

Because the *Ex Parte Young* has no application to *official*-capacity claims brought under state-law, Plaintiffs argue that *individual*-capacity claims could survive.  While it is true that the Eleventh Amendment does not bar individual-capacity claims, Plaintiffs' Complaint very clearly limits their relief to official-capacity claims.  *See* Pls.' Compl. [1-1] ¶¶ 13–14.  Moreover, it is not clear how these Defendants would be liable in their individual capacities for the state-law relief Plaintiffs seek.  Accordingly, the state-law claims are dismissed without prejudice to refiling in state court.

2.    Federal Claims for Prospective Relief

Defendants infer that the prospective federal claims all flow from Title IV-D, and Plaintiffs have not disputed that assertion.  Defendants then note that Title IV-D creates no private right of action enforceable under 42 U.S.C. § 1983.  Defs.' Mem. [13] at 16 (citing

*Blessing v. Freestone*, 520 U.S. 329, 340–46 (1997); *Sheetz v. Norwood*, 608 F. App'x 401, 405 (7th Cir. 2015); *Cuvillier v. Taylor*, 503 F.3d 397, 402–08 (5th Cir. 2007); *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006); *Walters v. Weiss*, 392 F.3d 306, 313 (8th Cir. 2004); *Clark v. Portage Cnty., Ohio*, 281 F.3d 602, 603–05 (6th Cir. 2002)).  Plaintiffs offer no response, and have therefore conceded this argument.  As such, Plaintiffs' claims under § 1983 based on Title IV-D are dismissed with prejudice.

C.      Miscellaneous Arguments

Plaintiffs make four additional arguments, none of which are sufficient to avoid dismissal.  First, Plaintiffs argue that the Court should exercise supplemental jurisdiction over the state-law claims.  Beyond citing 28 U.S.C. § 1367, they offer no authority for the argument. In any event, the Court cannot exercise supplemental jurisdiction absent "original jurisdiction." *Id.*  And, Section 1367(a) does not trump the Eleventh Amendment.  *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541 (2002) ("[W]e cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting States . . . ."); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (holding that "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a)").

Second, Plaintiffs attempt to invoke the Fourteenth Amendment as a basis for exercising jurisdiction.  They contend that "the MS Department of Human Services is the only method through which [Plaintiffs] can enforce the rights conferred by those statutes," and that its "flagrant ignorance of those statutes deprives these Plaintiffs from enforcing a property right to which they are entitled."  Pls.' Mem. [17] at 4.  Plaintiffs premise this argument on dicta from a

single unpublished case, *Edwards v. Desbien*, in which the court noted that a custodial parent "may have a protected property interest in the enforcement of a state court order against the non-custodial parent for the payment of child support." No. 15-cv-00333-GPG, 2015 WL 920597, at *3 (D. Colo. March 2, 2015).

Even assuming Plaintiffs have demonstrated a cognizable property interest, *Edwards* addresses a Fourteenth Amendment, individual-capacity claim against state officials, not official-capacity claims under state law. *See id.* at 2–3. As stated previously, the Complaint does not state any individual-capacity claims. *See* Pls.' Compl. [1-1] ¶¶ 13–14. And Plaintiffs have not pleaded a Fourteenth Amendment due-process claim. *See generally id.* The Eleventh Amendment bars the claims. *See Nelson*, 535 F.3d at 320; *Pennhurst*, 465 U.S. at 102.

Third, Plaintiffs "ask[] the court to draw on its equity side" and allow the case to proceed. Pls.' Mem. [17] at 5. In essence, Plaintiffs observe that they are underprivileged and have been damaged by the State's failure to aggressively seek all compensation to which they are due. While not diminishing their plight, Plaintiffs cite no authority suggesting that such facts allow the Court to bypass the Eleventh Amendment and/or create a private right of action where none exists.

Finally, Plaintiffs suggest that "[a]ny defects in [their] Complaint can be cured by proper amendment." Pls.' Mem. [17] at 6. There are several problems with this suggestion. First, Plaintiffs have not filed a separate motion to amend, and are precluded by local rule from including such a request in the body of a response. L. R. Civ. P. 7(b)(2). So technically, there is no motion before the Court.

Overlooking that procedural defect, Plaintiffs have not convinced the Court that they could amend the Complaint in way that would survive Defendants' motion.  Plaintiffs have not presented a proposed amended complaint, but they did, at various points in their memorandum, mention items they would amend.  First, they promised to drop claims for retrospective relief and attorney's fees drawn from the state treasury.  Neither of those would address the fatal flaws in the Complaint.  Second, they at least hint that they would amend to name Governor Bryant and Director Berry individually.  But it is not apparent how they could amend the Complaint in that way and state a viable claim for the relief they seek.

Absent a motion to amend or a sufficient description of how they would amend the Complaint in a non-futile way, the Court concludes that dismissal is appropriate.  There is no apparent way to salvage the federal claims given the lack of a private right of action, and it is not apparent how Plaintiffs could thereafter plead state-law claims that would invoke this Court's subject-matter jurisdiction.

IV.     Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion to Dismiss [12] is granted.  The pleaded federal claims are dismissed with prejudice for lack of a private right of action and because monetary or retrospective relief is barred by the Eleventh Amendment.  The state-law claims are dismissed without prejudice for lack of subject-matter jurisdiction.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE